IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| BOBBY DEANGELO SMITH | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:14-cv-02223-SHM-tmp |
| v. | ) | No. 2:08-cr-20201-SHM-tmp-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Bobby DeAngelo Smith's Motion Under 28
U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody (the "§ 2255 Motion"). (§ 2255 Mot.,
ECF No. 1.) On April 2, 2014, the Court ordered Smith to file
an amended § 2255 Motion on an official form. (ECF No. 4.) On
June 6, 2014, Smith filed a timely Amended Motion Under 28
U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a
Person in Federal Custody (the "Amended § 2255 Motion"). (Am.
§ 2255 Mot., ECF No. 5.) Smith moved to supplement his Amended
§ 2255 Motion on May 26, 2015. (Supp. § 2255 Mot., ECF No.
17.) The Court granted that motion on November 7, 2016. (ECF
No. 22.) The Government responded to Smith's supplement on
November 14, 2016. (ECF No. 23.) The Government responded to
Smith's Amended § 2255 Motion on June 9, 2017. (ECF No. 27.)

Smith filed a reply and a motion for evidentiary hearing on September 5, 2017.  (ECF No. 31.)

For the following reasons, the Amended § 2255 Motion is DENIED.  Smith's request for relief under <u>Johnson</u> and request for an evidentiary hearing are also DENIED.

## I.    BACKGROUND

On June 26, 2008, the grand jury returned an indictment charging Smith and Regina Hinton with four counts of counterfeiting United States currency with intent to defraud, in violation of 18 U.S.C. § 471, and four counts of knowingly possessing and concealing counterfeit United States currency, in violation of 18 U.S.C. § 472.  (Indictment 1-8, Cr. ECF No. 14.)[1]  The indictment also charged Smith with one count of knowingly possessing a firearm and one count of knowingly possessing ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g).  (<u>Id.</u> at 9-10.)  A Superseding Indictment also charged Smith and Hinton with one count of conspiracy, one count of counterfeiting with intent to defraud, one count of knowingly attempting to pass counterfeit money, and one count of knowingly possessing and concealing counterfeit money; it charged Smith with one count of

---

[1] Citations to (Cr. ECF ##) refer to the criminal case <u>United States v. Smith</u>, No. 2:08-cr-20201-SHM-tmp (W.D. Tenn.).

possessing a firearm and one count of possessing ammunition
after having been convicted of a felony.  (Superseding
Indictment 1-7, Cr. ECF No. 76.)  A Second Superseding
Indictment further charged Smith, Hinton, and Smith's mother,
Dannette Ross, with conspiracy to corruptly influence or impede
an official proceeding, and attempting to influence or impede
an official proceeding, in violation of 18 U.S.C. § 1512(c)(2).
(Second Superseding Indictment 1-10, Cr. ECF No. 96.)

Smith was represented by Stephen R. Leffler, who filed a
motion on Smith's behalf to suppress evidence found by U.S.
Secret Service agents at Hinton's apartment, statements made by
Smith and Hinton to the agents, and the fruits of the allegedly
illegal search.  (See Cr. ECF No. 198.)  Smith argued that the
Fourth Amendment protected him against the agents' search of
Hinton's apartment and that Hinton's consent to the search was
coerced.  The Court referred the motion to the Magistrate Judge
for hearing and recommendation.  (See Cr. ECF No. 199.)  At the
hearing, Hinton invoked her Fifth Amendment right not to
testify.  (Suppression Hr'g Tr., Cr. ECF No. 251 at 625-26.)
On August 16, 2010, after the hearing and additional briefing,
United States Magistrate Judge Tu M. Pham filed a Report and
Recommendation, recommending denial of Smith's motion.  (Cr.
ECF No. 243 at 22.)  Smith objected and also moved to dismiss

for violation of his right to a speedy trial. (Cr. ECF No. 264.) The Court denied Smith's motion to dismiss, overruled Smith's objections, and adopted the Magistrate Judge's Report and Recommendation (the "Report"). (Cr. ECF No. 267.)

The case proceeded to trial on November 30, 2010. (Cr. ECF No. 296.) Hinton testified that she "thought [she] heard" or did hear a promise by law enforcement to release her and Smith in exchange for the counterfeiting printer (Trial Tr., Cr. ECF No. 369-1 at 2067:16-25 – 2068:1-3.) Leffler moved for a mistrial, arguing that Hinton's trial testimony undercut the basis for the probable cause for the search of her apartment. (Trial Tr., Cr. ECF No. 369-1 at 2081:1-25 – 2082:1-3.) The Court denied the motion, finding that even if "[Hinton's] testimony [had] been heard at the suppression hearing . . . the motion still would have been denied." (Id. at 2083:9-24.)

On December 3, 2010, a jury convicted Smith on all counts. (Jury Verdict, Cr. ECF No. 302.) At his sentencing, the Court determined that Smith was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because Smith had two prior convictions for aggravated robbery and one prior conviction of aggravated robbery (amended to robbery) under Tennessee law. (Sentencing Hr'g Tr., Cr. ECF No, 368-9 at 1776:3-4; see also Presentence Investigation Report ("PSR")

¶¶ 39, 48-50.) The Court sentenced Smith to 252 months in prison followed by three years of supervised release. (Sentencing Hr'g Tr., Cr. ECF No. 368-9 at 1779:20-25 – 1780:1.)

Smith filed a direct appeal to the Sixth Circuit. He challenged the Court's denial of his motion to dismiss for violation of his right to a speedy trial. (United States v. Smith, No. 11-5520 (6th Cir.), ECF Nos. 1, 62.) William E. Hunt was Smith's appellate counsel. (See id., ECF Nos. 20, 62.) The Sixth Circuit affirmed on January 7, 2013. (Cr. ECF No. 375.) The mandate issued on January 29, 2013. (Cr. ECF No. 376.)

Smith filed the § 2255 Motion on March 31, 2014. (ECF No. 1.) The Court ordered Smith to file an amended § 2255 Motion on an official form on April 2, 2014. (ECF No. 4.) Smith filed a timely amended motion on June 6, 2014. (Am. § 2255 Mot., ECF No. 5.) Smith moved to supplement his Amended § 2255 Motion on May 26, 2015. (Supp. § 2255 Mot., ECF No. 17.) The Court granted that motion on November 7, 2016. (ECF No. 22.) In his Amended § 2255 Motion and his supplement, Smith states eight grounds for relief: (1) ineffective assistance of appellate counsel (Ground One) (Am. § 2255 Mot., ECF No. 5 at 34); (2) ineffective assistance of trial counsel (Grounds Two,

Three, Five, Six, and Seven) (id. at 35-37); (3) error by Trial
Judge (Ground Four) (id. at 38); and (4) application of Johnson
v. United States, 135 S. Ct. 2551 (2015) (Ground Eight)(Supp. §
2255 Mot., ECF No. 18 at 148).

On September 30, 2016, the U.S. Probation Office for the
Western District of Tennessee circulated a memorandum
addressing Smith's sentence (the "Probation Memorandum").  The
Probation Memorandum concludes that Smith is not entitled to
relief under Johnson.  (Probation Mem. at 1-2.)  It states that
Smith's prior robbery and aggravated robbery convictions are
categorical violent felonies under the "use-of-force" clause of
the ACCA.  (Id. at 2.)

The Government filed a response to Smith's supplement on
November 14, 2016, arguing that Smith is not entitled to
Johnson relief.  (ECF No. 23.)  The Government filed a response
to Smith's Amended § 2255 Motion on June 9, 2017, arguing Smith
is not entitled to relief on any ground.  (ECF No. 27.)  Smith
filed a response and motion for evidentiary hearing on
September 5, 2017.  (ECF No. 31.)

## II.  LEGAL STANDARDS

### A.  Section 2255 Motions

Smith seeks relief under 28 U.S.C. § 2255.  (§ 2255 Mot.)
Under § 2255(a),

> [a] prisoner in custody under sentence of a
> court established by Act of Congress
> claiming the right to be released upon the
> ground that the sentence was imposed in
> violation of the Constitution or laws of
> the United States . . . or that the
> sentence was in excess of the maximum
> authorized by law . . . may move the court
> which imposed the sentence to vacate, set
> aside or correct the sentence.

28 U.S.C. § 2255(a).

"To succeed on a § 2255 motion, a prisoner in custody must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" McPhearson v. United States, 675 F.3d 553, 558-59 (6th Cir. 2012) (quoting Mallett v. United States, 334 F.3d 491, 496-97 (6th Cir. 2003)).

A prisoner must file his § 2255 motion within one year of the latest of:

> (1) the date on which the judgment of
> conviction becomes final;
>
> (2) the date on which the impediment to
> making a motion created by
> governmental action in violation of
> the Constitution or laws of the United
> States is removed, if the movant was
> prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted
> was initially recognized by the
> Supreme Court, if that right has been
> newly recognized by the Supreme Court
> and made retroactively applicable to
> cases on collateral review; or

7

> (4) the date on which the facts supporting
> the claim or claims presented could
> have been discovered through the
> exercise of due diligence.

28 U.S.C. § 2255(f).

Ineffective assistance of counsel can serve as a ground for § 2255 relief. See, e.g., Campbell v. United States, 686 F.3d 353, 357 (6th Cir. 2012). The standard for ineffective assistance is provided by Strickland v. Washington, 466 U.S. 668 (1984). To establish ineffective assistance, "[f]irst, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

To demonstrate deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. In considering an ineffective-assistance claim, a court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. . . . The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Harrington

v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 687, 689).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." Richter, 562 U.S. at 111–12 (citing Wong v. Belmontes, 558 U.S. 15, 27 (2009); Strickland, 466 U.S. at 693).

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. Id.

"Surmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010) (citing Strickland, 466 U.S. at 689, 693).

An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the _Strickland_ standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. Even under _de novo_ review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.

_Richter_, 562 U.S. at 105 (citations omitted). "Counsel [cannot] be unconstitutionally ineffective for failing to raise . . . meritless arguments." _Mapes v. Coyle_, 171 F.3d 408, 427 (6th Cir. 1999).

After a petitioner files a § 2255 motion, the court reviews it and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings for the U.S. District Courts ("§ 2255 Rules") at Rule 4(b). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other

response within a fixed time, or to take other action the judge may order." Id. The § 2255 movant is entitled to reply to the government's response. Id. at Rule 5(d). Where the court considering the § 2255 motion also handled the earlier proceedings at issue (e.g., the change of plea and the sentencing hearing), the court may rely on its recollection of the proceedings. See, e.g., James v. United States, No. 3:13-01191, 2017 WL 57825, at *1 (M.D. Tenn. Jan. 4, 2017) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

## B.   ACCA's "Violent-Felony" Framework

Smith challenges the Court's finding that he was an armed career criminal under the ACCA. Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) who has three prior convictions for violent felonies or serious drug offenses is subject to a mandatory minimum sentence of 180 months in prison. 18 U.S.C. § 924(e)(1). Without the prior qualifying convictions, a defendant convicted under § 922(g) is subject to a statutory maximum sentence of 120 months. Id. § 924(a)(2).

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (a) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (b) "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated-offenses clause");

or (c) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). Id. § 924(e)(2)(B).

In Johnson v. United States, the Supreme Court held that a sentence imposed under the residual clause of the ACCA violates due process. 135 S. Ct. at 2563. In Welch v. United States, the Supreme Court applied its holding in Johnson retroactively to ACCA cases on collateral review. 136 S. Ct. 1257, 1268 (2016); see also In re Watkins, 810 F.3d 375, 383–84 (6th Cir. 2015) (same).

## III. ANALYSIS

### A. Timeliness

A § 2255 motion and any amendments or supplements to it must be filed within § 2255(f)'s one-year statute of limitations. See, e.g., Berry v. United States, No. 2:14-CV-02070-STA-CGC, 2017 WL 401269, at *10 (W.D. Tenn. Jan. 30, 2017). Under § 2255(f)(3), a petitioner must bring a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court . . . ." The § 2255(f) statute of limitations is not jurisdictional, and the Government can waive it. See, e.g., Pittman v. United States, No. 3:10-CR-1542-TAV-HBG, 2016 WL 3129198, at *2 (E.D. Tenn.

June 2, 2016); <u>United States v. Miller</u>, No. 6:13-7324-DCR, 2014 WL 4693689, at *6 (E.D. Ky. Aug. 28, 2014).

The opinion and order of the court of appeals was filed on January 7, 2013. No petition for certiorari was filed. When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes on the expiration of the 90-day period within which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. <u>Clay v. United States</u>, 537 U.S. 522, 532 (2003). Smith's conviction became final on April 7, 2013. He filed his § 2255 motion on March 31, 2014, within one year of finality. On April 2, 2014, the Court ordered Smith to file an amended motion because Smith had failed to file his original § 2255 Motion on the prescribed form. (ECF No. 4.) Smith filed his Amended § 2255 Motion on June 6, 2014, more than thirteen months after his conviction had become final. Claims not brought in his original § 2255 Motion are barred unless the claims asserted "relate back" under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure to a claim raised in the original motion. <u>See</u> <u>Evans v. United States</u>, 284 Fed.Appx. 304, 305, 313 (6th Cir. 2008); <u>cf.</u> <u>Cowan v. Stovall</u>, 645 F.3d 815, 819 (6th Cir. 2011).

Smith's Amended § 2255 Motion asserts seven grounds for relief. (See Am. § 2255, ECF No. 5.) Those grounds mirror grounds one through seven in Smith's original § 2255 Motion. (See id.) Smith's Amended § 2255 Motion relates back to his original § 2255 Motion under Rule 15(c). Smith's Amended § 2255 Motion is timely.

Johnson was decided on June 26, 2015. Smith's request for Johnson relief was filed within one year. Smith's Johnson claim is timely.

**B. Challenges to Sentence and Conviction**

Smith alleges eight grounds for relief: (1) ineffective assistance of appellate counsel for failing to raise Hinton's coerced consent to search on direct appeal (Ground One) (Am. § 2255 Mot., ECF No. 5 at 34); (2) ineffective assistance of trial counsel for refusing to assist Smith in filing a motion to suppress and asking overly broad questions at the suppression hearing (Ground Two)(see id. at 35); (3) ineffective assistance of trial counsel for failure to impeach Hinton (Ground Three) (id. at 37); (4) judicial error in failing to grant a mistrial (Ground Four) (id. at 38); (5) ineffective assistance of trial counsel for failure to file objection to Magistrate Judge's Report and Recommendation (Ground Five) (id. at 44); (6) ineffective assistance of trial

counsel for asking questions about Smith's criminal history on direct examination (Ground Six) (id.); (7) ineffective assistance of trial counsel for failure to question Hinton further after she had invoked her Fifth Amendment privilege (Ground Seven) (id.); and (8) application of Johnson (Ground Eight) (Supp. § 2255 Mot., ECF No. 18 at 148).

### 1. Appeal-Related Claim: Ineffective Assistance of Appellate Counsel (Ground One)

Ground One of the § 2255 Motion argues that Smith received ineffective assistance of counsel on appeal. (Am. § 2255 Mot. at 34.) Smith avers that Hunt failed to advance the Fourth Amendment claim that Hinton's consent to search was coerced. (Id.)

> Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel.

Henness v. Bagley, 644 F.3d 308, 317 (6th Cir. 2011) (internal citations omitted). An attorney need not advance every argument, regardless of merit, urged by an appellant. Jones v. Barnes, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of

winnowing out weaker arguments on appeal and focusing on one
central issue if possible, or at most on a few key issues.")
Effective appellate advocacy is rarely characterized by raising
every frivolous argument that can be made.  Joshua v. DeWitt,
341 F.3d 430, 441 (6th Cir. 2003); Williams v. Bagley, 380 F.3d
932, 971 (6th Cir. 2004), cert. denied, 544 U.S. 1003 (2005);
see Smith v. Murray, 477 U.S. 527 (1986).

It is well-recognized that adding weak arguments to an
appellate brief "will . . . dilute the force of the stronger
ones."  Jones, 463 U.S. at 752 (quoting R. Stern, Appellate
Practice in the United States 266 (1981)).  "[I]f you cannot
win on a few major points, the others are not likely to help,
and to attempt to deal with a great many in the limited number
of pages allowed for briefs will mean that none may receive
adequate attention."  Id.  "Generally, only when ignored issues
are clearly stronger than those presented will the presumption
of effective assistance of counsel be overcome."  Monzo v.
Edwards, 281 F.3d 568, 579 (6th Cir. 2002) (internal quotation
marks omitted) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th
Cir. 1986)).

Where defense counsel's "failure to litigate a Fourth
Amendment claim competently is the principal allegation of
ineffectiveness, [as it is here,] the defendant must also prove

that his Fourth Amendment claim is meritorious and that there
is a reasonable probability that the verdict would have been
different absent the excludable evidence in order to
demonstrate actual prejudice." Ray v. United States, 721 F.3d
758, 762 (6th Cir. 2013) (quoting Kimmelman v. Morrison, 477
U.S. 365, 375 (1986)).

Smith's Fourth Amendment claim lacks merit, and there is
no reasonable probability that the result would have been
different. Smith advanced the same argument -- that Hinton was
coerced into giving consent -- at the suppression hearing and
in Smith's objection to the Magistrate Judge's Report. Smith's
argument is based on recorded telephone conversations in which
Hinton said she cooperated because the agents promised her they
would let Smith go if she did. (ECF No. 267 at 881 (citing
Report and Recommendation n.10).) Neither the Magistrate Judge
nor the Court found Hinton's statements credible, given that in
the recordings Hinton falsely told Smith that she did not tell
agents Smith was involved in counterfeiting, notwithstanding
the fact that she wrote and signed a statement describing
Smith's role in the counterfeiting operation. (Id. at 881-82.)

Hinton's testimony at trial lends no greater weight to
Smith's argument. Leffler moved for mistrial on the basis that
Hinton's trial testimony would have changed the decision on the

suppression motion.  (Trial Tr., ECF No. 369-1 at 2081:1-25 –
2082:1-3.)  The Court denied that motion, finding that "had her
testimony been heard at the suppression hearing . . . the
motion still would have been denied."  (Id. at 2083:9-24.)
Hinton's previous false statements in conjunction with her
confused testimony that she "thought [she] heard" or did hear a
promise by law enforcement to release her and Smith in exchange
for the counterfeiting printer (id. at 2067:16-25 – 2068:1-3)
did not establish that Hinton's consent was coerced.  After
review of the record, the Court has not changed its position.
It is not reasonably probable that Smith would have prevailed
on this claim had it been raised on appeal.

    Smith is not entitled to habeas relief on his claim for
ineffective assistance of appellate counsel.

### 2.    Trial-Related Claims: Ineffective Assistance of Trial Counsel & Abuse of Discretion (Grounds Two, Three, Four, Five, Six, and Seven)

    Grounds Two, Three, Five, Six, and Seven of the Amended
§ 2255 Motion argue that Smith received ineffective assistance
of trial counsel.  (Am. § 2255 Mot. at 35-44.)  Ground Four
argues that the trial court abused its discretion by failing to
grant a mistrial.  (Id. at 38.)  Each of those claims is
procedurally defaulted.

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Claims that could have been raised on direct appeal, but were not, will not be entertained by motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal citations omitted). Ineffective assistance of appellate counsel may establish cause to excuse procedural default. See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); see also Burroughs v. Makowski, 411 F.3d 665, 668 (6th Cir. 2005).

Smith directly appealed only one issue: violation of his right to a speedy trial. Smith did not raise any of the issues he brings in his Amended § 2255 Motion on direct appeal. Smith does not assert that he is actually innocent of the crimes for which he was convicted, but argues that his appellate counsel's ineffectiveness excuses his failure to assert his abuse of discretion and ineffective assistance of trial counsel claims. (ECF No. 18 at 147.)

Smith's argument is unavailing. Smith's appellate counsel was not ineffective, and Smith he was not actually prejudiced by any ineffective assistance of appellate counsel. Smith's grounds for relief are meritless.

### a. Ineffective Assistance of Trial Counsel (Grounds Two, Three, Five, Six, and Seven)

"Judicial review of the lawyer's performance must be highly deferential, and indulge a strong presumption that a lawyer's conduct in discharging his duties falls within the wide range of reasonable professional assistance, since reasonable lawyers may disagree on the appropriate strategy for defending a client." Bigelow v. Williams, 367 F.3d 562, 570 (6th Cir. 2004) (internal quotation marks omitted). "A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness." Hughes v. United States, 258 F.3d 453, 457 (6th Cir. 2001).

On Ground Two, Smith contends that Leffler refused to assist Smith in filing a motion to suppress and asked Smith questions during the suppression hearing that "went beyond proving standing." (Am. § 2255 Mot. at 35-36.) The record does not support Smith's contention. Leffler filed a motion to suppress, represented Smith during the hearing, and filed an

objection to the Magistrate Judge's Report.  The record

demonstrates that Leffler assisted Smith in filing a motion to

suppress.  Smith also contends that Leffler asked Smith

questions during "the suppression hearing that were tantamount

to claiming ownership of the residence when this wasn't

required[,]" which "[t]he government used . . . against [Smith]

during [trial]. . . " to prove Smith's constructive possession

of a firearm.  (Supp. § 2255 Mot. at 268.)  An overnight guest

receives Fourth Amendment protection.  <u>Minnesota v. Olson</u>, 495

U.S. 91, 96-97, (1990); <u>United States v. Washington</u>, 573 F.3d

279, 283 (6th Cir. 2009) ("The Sixth Circuit has generously

construed the Fourth Amendment as protecting nearly all

overnight guests....").  During the hearing, Leffler asked

Smith whether he lived at the property, had possessions there,

and had access to the property in Hinton's absence.

(Suppression Hr'g Tr., Cr. ECF No. 251 at 520-24.)  Leffler's

questions were designed to establish that Smith had a

reasonable expectation of privacy and thus standing to bring a

motion to suppress.  Leffler's questions did not prejudice

Smith.  Even if Leffler had limited his inquiry to Smith's

overnight status, Leffler would have opened the door for the

Government to explore Smith's relation to the property.  The

Government would then have had evidence to establish Smith's

actual or constructive possession of the firearm.  The

Strickland test is not satisfied by Leffler's supposed refusal to assist in filing a motion to suppress or his asking questions to establish standing.

On Ground Three, Smith contends that Leffler failed to impeach Hinton during trial. (Am. § 2255 Mot. at 37.) A review of the record demonstrates that Leffler competently attacked Hinton's credibility. Leffler thoroughly explored the reliability of Hinton's testimony during cross-examination, exposing a prior inconsistent statement in which Hinton initially told agents the gun belonged to her, although she later claimed it belonged to Smith. (Trial Tr., Cr. ECF No. 368-8 at 1720-22; Trial Tr., Cr. ECF No. 369 at 2065:1-11.) Leffler also elicited from Hinton that she believed if she showed law enforcement the counterfeiting printers they would let her and Smith go. (ECF No. 369-1 at 2067:16-25 – 2068:1-3.) During closing argument, Leffler contended that Hinton's veracity was highly questionable given her interest in a lesser sentence. (Trial Tr., Cr. ECF No. 369-1 at 2166:21-25 – 2167:1-13.) Leffler's questioning and closing reasonably communicated to the jury that a possible, if not probable, motivation for Hinton's testimony was a desire to receive a reduced sentence, rather than a desire to tell the truth.

Even if Leffler's impeachment strategy had been deficient, the Court's instructions to the jury clarified that the Hinton's testimony was to be viewed with skepticism:

> You've heard the testimony of [co-defendant] Regina Hinton. You have also heard that she was involved in the same crime that the defendant is charged with committing. You should consider Ms. Hinton's testimony with more caution than the testimony of other witnesses. Do not convict the defendant [Smith] based on the unsupported testimony of such a witness standing alone unless you believe her testimony beyond a reasonable doubt.

(Trial Tr., Cr. ECF No. 369-1 at 2183:14-21.) Leffler attacked Hinton's credibility, and Smith was not prejudiced by Leffler's method of impeaching Hinton.

Smith's claim that a more formal, effective, or aggressive impeachment would have yielded a different result is highly speculative. He cites no facts that could have been elicited by a more effective or aggressive form of impeachment. He does not argue that Leffler had information with which he could have impeached Hinton, but which he failed to use. "The idea that trial counsel may have been 'more effective[ ]' in his impeachment had he taken another course is precisely the sort of second-guessing of a tactical judgment that Strickland counsels against." Moss v. Olson, No. 15-2233, 2017 WL 2790682, at *7 (6th Cir. June 27, 2017) (citing Esparza v. Sheldon, 765 F.3d 615, 624 (6th Cir. 2014)).

23

On Ground Five, Smith argues that Leffler failed to file an objection to the Magistrate Judge's Report and Recommendation following the suppression hearing. (ECF No. 5 at 44.) The docket reflects that Leffler filed a timely objection on October 5, 2010. (2:08-cr-20201-SHM-tmp (W.D. Tenn.), ECF No. 264.) Smith's ineffective assistance of counsel claim on this ground fails.

On Ground Six, Smith claims that Leffler's questions about Smith's criminal history on direct examination reduced Smith's credibility. (Am. § 2255 Mot. at 44.) A trial counsel's decision to elicit evidence on direct examination that his client has a criminal history is well within the ambit of reasonable trial strategy, a decision generally taken "to soften the anticipated blow in the eyes of the jury." See United States v. Williams, 939 F.2d 721, 723-25 (9th Cir. 1991). Leffler's affidavit states that "the questions about [Smith's] criminal history [were] an element of trial strategy to blunt the effect of those disclosures during cross examination." (ECF No. 27-1 ¶ 15.) Smith's attempt to establish ineffective assistance based on Leffler's direct examination of Smith is a criticism of counsel's trial strategy. It is not an appropriate ground for habeas relief.

On Ground Seven, Smith argues that Leffler was ineffective for failing to question Hinton further at the suppression hearing after she had invoked the Fifth Amendment and for failing to ask the court to determine whether Hinton's answers would be incriminating. (Am. § 2255 Mot. at 44.) Decisions about whether, and to what extent, to cross-examine witnesses are almost exclusively "strategic" decisions of counsel and are "effectively insulated" from review. Leonard v. Warden, Ohio State Penitentiary, 846 F.3d 832, 848 (6th Cir. 2017) ("Counsels traditionally enjoy 'discretion over deciding which witnesses to call and how to examine them.'" (quoting Carter v. Mitchell, 829 F.3d 455, 471 (6th Cir. 2016)); Hurley v. United States, 10 F. Appx. 257, 260 (6th Cir. 2001). "To be entitled to habeas relief on this claim, [Smith] must demonstrate that he was actually prejudiced by counsel's failure to ask more questions, not simply raise the possibility that additional questions might have elicited additional or different responses . . . ." Hand v. Houk, No. 2:07-CV-846, 2013 WL 5211718, at *14 (S.D. Ohio Sept. 16, 2013).

Smith fails to demonstrate prejudice. As the Magistrate Judge correctly noted at the suppression hearing, it was obvious that Hinton's "testimony would be directly tied into the events surrounding her and Mr. Smith's arrest, as well as searches that are at issue in connection with the motion to

suppress." (Suppression Hr'g Tr., ECF No. 251 at 626:11-15.)
Additional questions about the suppression of evidence would
have fallen within the scope of Hinton's Fifth Amendment
privilege. See Combs v. Coyle, 205 F.3d 269, 283 (6th Cir.
2000) ("The Supreme Court has given the privilege against self-
incrimination a broad scope, explaining that '[i]t can be
asserted in any proceeding, civil or criminal, administrative
or judicial, investigatory or adjudicatory; and it protects
against any disclosures that the witness reasonably believes
could be used in a criminal prosecution or could lead to other
evidence that might be so used.'" (quoting Kastigar v. United
States, 406 U.S. 441, 445-45 (U.S. 1972))).  Leffler's
strategic decision to excuse Hinton after she had invoked her
Fifth Amendment privilege did not prejudice Smith.

Applying the Strickland test for ineffective assistance of
counsel, Smith has failed to show that Leffler's actions
prejudiced Smith or that Leffler's performance was deficient on
any of the grounds Smith asserts.  Smith is not entitled to
habeas relief on any of his ineffective assistance of trial
counsel claims.

### b.  Abuse of Discretion (Ground Four)

On Ground Four, Smith argues that the "judge fail[ed] to
grant mistrial." (Am. § 2255 Mot. at 38.)  Smith avers that,

because Hinton testified at trial that she had "only consented to [the] search after Secret Service Agents promised her that they would release" Smith, a mistrial should have been granted. (Id.)  Smith challenges the Court's denial of his motion for mistrial because Hinton's trial testimony undercut the basis for the probable cause justifying the search.  A district court's denial of a motion for mistrial is reviewed for abuse of discretion.  United States v. Shepard, 739 F.3d 286, 292 (6th Cir. 2014).

The Court found during trial that Hinton's trial testimony would not have changed the outcome of the suppression hearing and denied Smith's request for mistrial.  Hinton's previous false statements in conjunction with her confused testimony that she "thought [she] heard" or did hear a promise by law enforcement to release her and Smith in exchange for the counterfeiting printer (Trial Tr., ECF No. 369-1 at 2067:16-25 – 2068:1-3) did not establish that Hinton's consent was coerced.  Smith has failed to show that the trial court's failure to declare a mistrial was an abuse of discretion. Smith is not entitled to habeas relief on this claim.

### 3.  **Johnson** Challenge (Ground Eight)

Smith argues that his sentence should be corrected because his prior convictions for robbery and felony evading arrest are

not predicate offenses after <u>Johnson</u>. (Supp. § 2255 Mot., ECF No. 18 at 148.) The Government argues that Smith's two convictions for aggravated robbery (amended to robbery) and two convictions for aggravated robbery qualify as predicate offenses under the ACCA's use-of-force clause. (ECF No. 23 at 164.)

Binding Sixth Circuit precedent holds that Tennessee robbery and aggravated robbery categorically qualify as crimes of violence under the ACCA's use-of-force clause. <u>See, e.g.</u>, <u>United States, v. Braswell</u>, No. 16-6092, 2017 WL 3588305, at *14 (6th Cir. Aug. 21, 2017) ("Indeed, this Court has repeatedly held that aggravated robbery under Tennessee law is a violent felony under the 'use of force' clause of the ACCA."); <u>United States v. Bailey</u>, 634 Fed.Appx. 473, 476 (6th Cir. 2015) ("Tennessee convictions for aggravated robbery and robbery are categorically violent felonies under the ACCA's use-of-physical-force clause."); <u>United States v. Mitchell</u>, 743 F.3d 1054, 1058-60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are categorically violent felonies under the ACCA's use-of-physical-force clause); <u>United States v. Gloss</u>, 661 F.3d 317, 319 (6th Cir. 2011); <u>see also</u> <u>United States v. Kemmerling</u>, 612 Fed.Appx. 373, 375-76 (6th Cir. 2015)

(reiterating that Johnson does not affect the use-of-force clause).

Smith's prior robbery and aggravated robbery convictions are predicate offenses under the ACCA. Smith is not entitled to Johnson relief.

## IV. MOTION FOR EVIDENTIARY HEARING

Smith is not entitled to habeas relief on any ground. His request for an evidentiary hearing is DENIED.

## V. APPEALABILITY

Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." <u>Miller-El v.</u>
<u>Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotation marks
and citation omitted); <u>see also</u> <u>Henley v. Bell</u>, 308 F. App'x
989, 990 (6th Cir. 2009) (per curiam). A COA does not require
a showing that the appeal will succeed. <u>Miller-El</u>, 537 U.S. at
337; <u>Caldwell v. Lewis</u>, 414 F. App'x 809, 814-15 (6th Cir.
2011). Courts should not issue a COA as a matter of course.
<u>Bradley v. Birkett</u>, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, Smith is not entitled to relief under
<u>Johnson</u>. He cannot present a question of some substance about
which reasonable jurists could differ. The Court DENIES a
certificate of appealability.

The Sixth Circuit has held that the Prison Litigation
Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to
appeals of orders denying § 2255 motions. <u>Kincade v. Sparkman</u>,
117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal <u>in forma</u>
<u>pauperis</u> in a § 2255 case, and thereby avoid the appellate
filing fee required by 28 U.S.C. §§ 1913 and 1917, a prisoner
must obtain pauper status pursuant to Federal Rule of Appellate
Procedure 24(a). <u>Kincade</u>, 117 F.3d at 952. Rule 24(a)
provides that a party seeking pauper status on appeal must
first file a motion in the district court, along with a
supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule

24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, a prisoner must file his motion to proceed <u>in forma pauperis</u> in the appellate court. <u>See</u> Fed. R. App. P. 24(a)(4)-(5).

In this case, because Smith is clearly not entitled to relief, the Court denies a certificate of appealability. It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal <u>in forma pauperis</u> is DENIED.[2]

## VI. CONCLUSION

For the foregoing reasons, the Amended § 2255 Motion is DENIED. Smith's request for relief under <u>Johnson</u> and request for an evidentiary hearing are also DENIED.

So ordered this 14th day of September, 2017.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE

---

[2] If Smith files a notice of appeal, he must also pay the appellate filing fee or file a motion to proceed <u>in forma pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.